STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                      Docket No. 31-3-16 Vtec

| | |
|---|---|
| **TOWN OF LYNDON,**<br>            **Plaintiff,**<br><br>        v.<br><br>**ALAN BRINK and TONYA BRINK,**<br>            **Defendants.** | **JUDGMENT ORDER** |

This municipal enforcement action came on for a merits hearing on April 18, 2017. Attorneys Robert A. Gensburg and Hanne Anderson Trudeau appeared on behalf of the Town of Lyndon ("Town"). Alan and Tonya Brink ("Respondents") appeared and represented themselves.

The Court had previously reviewed the alleged facts and legal arguments presented by the parties when it considered the Town's motion for summary judgment. The Court's December 15, 2016 Decision determined that because Respondents had not timely appealed the August 7, 2014 decision by the Town of Lyndon Development Review Board ("DRB") to uphold the notice of alleged zoning violation ("NOV"), issued on July 8, 2014 by the Town of Lyndon Zoning Administrator, the NOV had become final and could not be challenged in this later proceeding. 24 V.S.A. §4472(d). However, the Court determined that there was a dispute as to the facts that were material it its determination of what penalty, if any, should be imposed because of Respondents' zoning violation and therefore set the matter for trial.

At trial, each party was provided a full opportunity to present testimony and other evidence, as well as cross examine the other party's witnesses. Once all evidence was received, the Court took a recess to review its trial notes, the admitted exhibits, conduct some legal research and complete its deliberations. The Court then reconvened the hearing to announce its findings of fact and conclusions of law on the record of the hearing. This Judgment Order is issued to provide a summary of the Court's findings and conclusions, and to fulfill its obligations under V.R.C.P. 58. To the extent that the reader wishes to review the detailed findings and conclusions, the reader is referred to the trial record.

1

Respondents have long had an above-ground swimming pool in their back yard. Prior to 2014, they had a smaller pool, but in 2014 they received a larger pool and installed it in their back yard, about eight feet from the side yard boundary that they shared with their neighbor. They had not previously sought or received a zoning permit for either pool, and they assumed that a permit was not required.

The Town of Lyndon Zoning Bylaws ("Bylaws") contain a broad definition for the term "structure". See Bylaws Art. XVII. The construction and use of a structure requires a zoning permit. Bylaws §4.2.1. A prior Zoning Administrator conceded that he had typically not required permits for small, above-ground pools; at trial, such small pools were referred to as "Wal*Mart-style" pools.

Respondents' second pool was much larger than their first pool; the second pool measured about twenty-four feet in diameter and four feet tall, with a metal frame supporting solid sides. A small area on part of the top edge of the pool walls could be used as a type of decking and there was material on the top of the walls that allowed people to stand and walk around the top of the pool.

Shortly after Respondents installed their second pool, their neighbor complained to the Zoning Administrator about how close the pool was to their shared boundary. The Zoning Administrator determined that this pool constituted a structure and required a zoning permit, and that Respondents had not yet received a permit. Negotiations continued over several months. The Zoning Administrator then issued the July 8, 2014 NOV, instructing Respondents to either immediately obtain a permit or remove the pool, and that if they failed to cure this zoning violation, fines would be assessed against them.

Respondents applied for a zoning permit for their pool. In fact, they submitted three separate permit applications, in successive order. The DRB rejected each application, since each of Respondents' applications called for the pool to be located within the twenty-five-foot side yard setback. Respondents chose not to appeal any of the DRB denials of their permit applications. They did appeal the NOV to the DRB, but when the DRB ruled against them they chose not to appeal that adverse determination to this Court.

Mr. Brink then drained the pool and removed its liner. He left the sides, metal support structures, and top materials on site. He asserted that the remaining materials no longer constituted a pool, but rather a "fence" that he intended to use for a vegetable garden.

The Court did not find Mr. Brink's fence assertions credible. All materials remaining on his property were originally part of the pool and looked much the same as when it was used as a pool. There was no opening in the remaining materials. In fact, to access the interior area where the pool liner once was, Respondents continued to use the ladder that remained from their pool.

Mr. Brink contacted Town officials on several occasions, attempting to convince them to adopt his characterization of the materials in his back yard as a fence. As a consequence, the Town officials, including the Town attorneys, spent considerable time and effort in attempting to reach a resolution of Respondents' zoning violation. While those efforts failed, the Court commends the parties for their efforts. In particular, the Court notes that while the legal fees and time expended by Town officials may appear large for this type of zoning violation (i.e.: about eighty hours of time expended by two separate zoning officials and over $7,350.00 in attorneys' fees), Respondents did not dispute the Town's presentations and the Court concludes that the time and fees expended were reasonable, given the particular circumstances of this case.

However, a Town's actual expenditures do not dictate what a reviewing court should assess as fines in a municipal enforcement case. While the Bylaws and applicable state statutes do not provide specific criteria for the assessment of fines for zoning violations, this Court looks to the Uniform Environmental Enforcement Act for guidance. See City of St. Albans v. Hayford, 2008 VT 36, ¶ 17, 183 Vt. 596, (holding that while the Act governs the determination of fines for violations of state environmental laws (see 10 V.S.A. § 8010(b)), these statutory considerations are useful and provide guidance when determining what fines should be imposed for the violation of municipal zoning laws).

On the hearing record, the Court detailed its consideration of the 10 V.S.A. § 8010(b) criteria, as applied to Respondents' actions in this case. Based upon those considerations, the Court imposed the following fines as a consequence of Respondents' zoning violations:

First, the Court found reasonable and adopted the Town's request that fines in the amount of $10.00 per day for the eighty days that accrued during the period that Respondents

sought a zoning permit and negotiated with the Town, even though their efforts were insufficient to resolve the zoning violation (i.e.: from February 10 through May 1, 2015; Town's Complaint at ¶ 44). Second, the Court declines to impose the $100.00 per day fine requested by the Town for the 122 days that accrued from June 5 through October 5, 2015[1] (see Town's Complaint at ¶ 45) and instead concludes that the facts warrant a fine of $12.50 for each of those 122 days. We therefore render a total judgment in favor of the Town and against Alan Brink and Tonya Brink, jointly and severally, for a total of **Two Thousand, Three Hundred and Twenty-Five Dollars ($2,325.00)**.

This completes the current proceedings in this matter before this Court.

Electronically signed on April 26, 2017 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

---

[1] The undisputed evidence showed that Respondents removed all remaining pool materials from their property on October 5, 2015.

4